1   KAMALA D. HARRIS
    Attorney General of California
2   TAMAR PACHTER
    Supervising Deputy Attorney General
3   SHARON L. O'GRADY
    Deputy Attorney General
4   State Bar No. 102356
      455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
      Telephone:  (415) 703-5899
6     Fax:  (415) 703-1234
      E-mail:  Sharon.OGrady@doj.ca.gov
7   *Attorneys for Defendant Kamala D. Harris in her*
    *official capacity as Attorney General of the State of*
8   *California*

9           IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                      OAKLAND DIVISION

12

13  **EROTIC SERVICE PROVIDER LEGAL,**          4:15-CV-01007 JSW
14  **EDUCATION & RESEARCH PROJECT;**
    **K.L.E.S.; C.V.; J.B.; AND JOHN DOE,**     **ATTORNEY GENERAL'S NOTICE OF**
15                                              **MOTION AND MOTION TO DISMISS**
                                 Plaintiffs,
16                                              Date:         August 7, 2015
                                                Time:         9:00 a.m.
17              **v.**                          Dept:         5, 2d Floor
                                                Judge:        The Hon. Jeffrey S. White
18  **GEORGE GASCON, in his official capacity** Trial Date:   None Set
    **as District Attorney of the City and County** Action Filed: March 4, 2015
19  **of San Francisco; EDWARD S.**
    **BERBERIAN, JR., in his official capacity as**
20  **District Attorney of the County of Marin;**
    **NANCY E. O'MALLEY, in her official**
21  **capacity as District Attorney of the County**
    **of Alameda; JILL RAVITCH, in her official**
22  **capacity as District Attorney of the County**
    **of Sonoma; and KAMALA D. HARRIS, in**
23  **her official capacity as Attorney General of**
    **the State of California,**
24
                                 Defendants.
25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

Notice of Motion ...................................................................................................... 1

Memorandum of Points and Authorities ................................................................. 2

Introduction/Summary of Argument ....................................................................... 2

Background .............................................................................................................. 3

I.      Penal Code section 647 ................................................................. 3

II.     The allegations of the complaint .................................................. 4

    A.    The first claim for relief – substantive due process right to engage
       in prostitution ....................................................................... 4

    B.    The second claim for relief – right to free speech ..................................... 4

    C.    The third claim for relief – substantive due process right to earn a
       living ................................................................................... 5

    D.    The fourth clam for relief – freedom of association ................................. 5

    E.    The fifth claim for relief – California Constitution, Article 1,
       sections 2(a) and 7(a). ....................................................... 5

Argument ................................................................................................................. 6

I.      Legal standard ............................................................................... 6

II.     Plaintiffs' substantive due process claims fail ........................... 6

    A.    There is no fundamental right to engage in prostitution or its
       solicitation. ........................................................................... 7

    B.    The Supreme Court decision in *Lawrence v. Texas* does not apply
       to plaintiffs' allegations ....................................................... 10

    C.    The statute is rationally related to legitimate government interests .......... 11

III.    There is no free speech right to solicit the crime of prostitution ....................... 13

IV.     There is no associational right to engage in sex for hire .................................... 13

V.      There is no substantive due process right to earn a living as a prostitute ............ 14

VI.     Plaintiffs' state claims fail ..................................................................... 15

VII.    Plaintiffs' as-applied challenges fail ..................................................... 16

Conclusion ............................................................................................................ 17

1

## TABLE OF AUTHORITIES

2

Page

3

C<small>ASES</small>

4

*832 Corp. v. Glouster Twp.*
   404 F. Supp. 2d 614 (D.N.J. 2005) ........................................................................11

5

6

*Arcara v. Cloud Books, Inc.*
   478 U.S. 478 U.S. 697 (1986).......................................................................2, 13, 14

7

*Bd. of Regents of State Colleges v. Roth*
   408 U.S. 564 (1972) ..................................................................................2, 14

8

9

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007)...............................................................................6, 17

10

11

*Bishop v. Wood*
   426 U.S. 341 (1976)......................................................................................14

12

*Black v. Payne*
   591 F.2d 83 (9th Cir. 1979)..........................................................................14

13

14

*Blackburn v. City of Marshall*
   42 F.3d 925 (5th Cir. 1995)...........................................................................15

15

16

*Brown v. Community Redev. Agency*
   168 Cal. App. 3d 1014 (1985).......................................................................16

17

*Colacucio v. City of Kent*
   163 F.3d 545 (9th Cir. 1998)........................................................................12

18

19

*Conn v. Gabbert*
   526 U.S. 286 (1992).....................................................................................15

20

21

*Conservation Force v. Salazar*
   646 F.3d 1240 (9th Cir. 2011).........................................................................5

22

*Coyote Publ'g, Inc. v. Miller*
   598 F.3d 592 (9th Cir. 2010).............................................................8, 11, 12

23

24

*Daniels-Hall v. National Educ. Ass'n*
   629 F.3d 992 (9th Cir. 2010)...........................................................................6

25

*FCC v. Beach Commc'ns, Inc.*
   508 U.S. 307 (1993).........................................................................................6

26

27

*Foti v. City of Menlo Park*
   146 F.3d 629 (9th Cir. 1998).....................................................................2, 16

28

**TABLE OF AUTHORITIES**
(continued)

Page

*FW/PBS, Inc. v. City of Dallas*
    493 U.S. 215 (1990) ...........................................................................................14

*Gonzales v. Raich*
    545 U.S. 1 (2005) ...............................................................................................15

*Hoye v. City of Oakland*
    653 F.3d 835 (9th Cir. 2011).........................................................................16, 17

*IDK, Inc. v. County of Clark*
    836 F.2d 1185 (9th Cir. 1988)................................................................... *passim*

*Isaacson v. Horne*
    716 F.3d 1213 (9th Cir. 2013).............................................................................16

*Kim v. Superior Court*
    136 Cal. App. 4th 937 (2006).......................................................................4, 13

*Lawrence v. Texas*
    539 U.S. 588 (2003) ...........................................................................6, 7, 10, 11

*Legal Aid Servs. v. Legal Servs. Corp*
    608 F.3d 1084 (9th Cir. 2011).............................................................................17

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*
    416 F.3d 940 (9th Cir. 2005)................................................................................6

*Love v. Superior Court*
    226 Cal. App. 3d 736 (1990)...............................................................................12

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001)................................................................................6

*Northern Mariana Islands v. Taman*
    2014 WL 4050021 (N. Mar. I. 2014) ..................................................................12

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984)...........................................................................................2, 15

*People v. Caswell*
    46 Cal. 3d 381 (1988) .........................................................................................16

*People v. Grant*
    195 Cal. App. 4th 107 (2011).........................................................................12, 16

iii

1

**TABLE OF AUTHORITIES**
**(continued)**

2

Page

3

*People v. McEvoy*

4
 215 Cal. App. 4th 431 (2013)...............................................................................10

5

*People v. Pulliam*
 64 Cal. App. 4th 1430 (1998)...............................................................................16

6

7

*People v. Superior Court (Hartway)*
 19 Cal. 3d 338 (1977) ...............................................................................16

8

*People v. Williams*
 811 N.E.2d 1197 (Ill. App. 2004) ...............................................................................11

9

10

*Raich v. Gonzales*
 500 F.3d 850 (9th Cir. 2007)...............................................................................7, 8, 9

11

*Roberts v. United States Jaycees*
 468 U.S. 609 (1987)...............................................................................10

12

13

*Romero-Ochoa v. Holder*
 712 F.3d 1328 (9th Cir. 2013)...............................................................................2, 6

14

*Sav-On Drugs, Inc. v. County of Orange*
 190 Cal. App. 3d 1611 (1987)...............................................................................16

15

16

*State v. Romano*
 155 P.3d 1102 (Haw. 2007) ...............................................................................11

17

18

*Tily B., Inc. v. City of Newport Beach*
 69 Cal. App. 4th 1 (1998)...............................................................................13

19

*U.S. v. Dhingra*
 371 F.3d 557 (9th Cir. 2004)...............................................................................13

20

21

*United States v. Carter*
 266 F.3d 1089 (9th Cir. 2001)...............................................................................11

22

23

*Van Buskirk v. Cable News Network, Inc.*
 284 F.3d 977 (9th Cir. 2002)...............................................................................6

24

25

*Washington v. Glucksberg*
 521 U.S. 702 (1997)...............................................................................7, 8, 9, 10

26

*Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*

27
 24 F.3d 56 (9th Cir. 1994)...............................................................................14

28

iv

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Williams v. Superior Court*
    30 Cal. App. 3d 8 (1973).................................................................................14, 16

*Williamson v. Lee Optical of Okla.*
    348 U.S. 483 (1955)...........................................................................................15

*Zucco Partners, LLC v. Digimarc Corp.*
    552 F.3d 981 (9th Cir. 2009)...............................................................................6

**STATUTES**

United States Code, Title 18
    § 1182........................................................................................................8
    § 1384........................................................................................................8
    § 2421........................................................................................................8

California Penal Code
    § 647..........................................................................................................3
    § 647(b)...............................................................................................*passim*
    § 647(c).....................................................................................................12

Controlled Substances Act ..............................................................................7, 9

Nev. Rev. Stat. § 244.345(8)...............................................................................8

1961 Cal. Stat. 1671 ...........................................................................................3

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    First Amendment.................................................................................*passim*
    Eleventh Amendment.............................................................................2, 15
    Thirteenth Amendment ...............................................................................12
    Fourteenth Amendment.........................................................................*passim*

California Constitution
    Article 1, § 2(a) .....................................................................................5, 16
    Article 1, § 7(a) ...........................................................................................5

**COURT RULES**

Federal Rules of Civil Procedure
    rule 12(b)(6) .....................................................................................1, 5, 6

Notice of Motion and Motion to Dismiss under Rule 12(b)(6) (4:15-CV-01007)

1
2

### TABLE OF AUTHORITIES
### (continued)

**Page**

3

**OTHER AUTHORITIES**

4
5

Amy M. Young, et al., *Prostitution, Drug Use, and Coping with Psychological Distress*, J. Drug Issues 30(4), 789-800 (2000) .......................................................12

6

Arthur H. Sherry, *Vagrants, Rogues and Vagabonds—Old Concepts in Need of Revision*, 48 Cal. L. Rev. 557, 562 & n. 38 (1960).....................................................3

7
8

Bureau of Justice Statistics, U.S. Dep't of Justice, *Characteristics of Suspected Human Trafficking Incidents, 2008-2010* 1, 3 (April 2011) .....................................11

9
10

Melissa Farley, *Prostitution Trafficking, and Cultural Amnesia: What We Must Not Know in Order to Keep the Business of Sexual Exploitation Running Smoothly*, 18 YALE J.L. & FEMINISM 109 (2006) .....................................................11

11
12

U.S. Dep't of State, *The Link Between Prostitution and Sex Trafficking* (Nov. 24, 2004) ......................................................................................................................11

13

Sylvia A. Law, *Commercial Sex: Beyond Decriminalization*, 73 S. Cal. L.Rev. 523, 533 nn. 47-48 (2000)........................................................................................11

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Notice of Motion and Motion to Dismiss under Rule 12(b)(6) (4:15-CV-01007)

1

**NOTICE OF MOTION**

2

PLEASE TAKE NOTICE THAT on August 7, 2015 at 9:00 a.m., or as soon thereafter as

3

the matter may be heard before the Honorable Jeffrey S. White in Courtroom 5 of the United

4

States District Court for the Northern District of California, located at 1301 Clay Street, Oakland,

5

California, 94612, Defendant Kamala D. Harris, in her official capacity as Attorney General of

6

the State of California, will move this Court to dismiss without leave to amend plaintiffs'

7

Complaint for Declaratory and Injunctive Relief pursuant to Federal Rule of Civil Procedure

8

12(b)(6.)

9

This motion to dismiss is brought on the grounds that the Complaint fails to state a claim as

10

a matter of law.  This motion is based on this Notice, the Memorandum of Points and Authorities,

11

the concurrently filed Requested for Judicial Notice the papers and pleadings on file in this action,

12

and upon such matters as may be presented to the Court at the time of the hearing.

13

14

Dated:  May 8, 2015                                   Respectfully Submitted,

15

                                                                    KAMALA D. HARRIS
                                                                    Attorney General of California

16

                                                                    TAMAR PACHTER
                                                                    Supervising Deputy Attorney General

17

                                                                    /S/ SHARON L. O'GRADY

18

19

                                                                    SHARON L. O'GRADY
                                                                    Deputy Attorney General

20

                                                                    *Attorney for Defendant Kamala D. Harris*

21

22

23

24

25

26

27

28

1

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION/SUMMARY OF ARGUMENT**

3

4

5

6

7

Prostitution and the solicitation of prostitution are crimes in California, punishable as misdemeanors under California Penal Code section 647(b).  Plaintiffs ask this Court to strike down section 647(b), claiming that the statute, on its face and as applied, violates their Fourteenth Amendment rights to substantive due process, their First Amendment rights to free speech and freedom of association, and analogous provisions of the California Constitution.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The complaint should be dismissed for failure to state a claim as a matter of law, without leave to amend.  The standard for review of the statute is rational basis, not heightened or strict scrutiny.  *See Romero-Ochoa v. Holder*, 712 F.3d 1328, 1331 (9th Cir. 2013).  There is no fundamental right to engage in prostitution or to solicit prostitution.  Neither is prostitution or solicitation expressive conduct protected by the First Amendment.  *Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 704-05, 707 (1986).  And the relationship between prostitute and client is not an expressive association protected by the First Amendment.  *IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1195-96 (9th Cir. 1988).  There also exists no substantive due process right to work as a prostitute.  *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972).  Plaintiffs' analogous claims under the California Constitution also fail.  They are barred by the Eleventh Amendment, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), and are foreclosed by multiple California decisions upholding the constitutionality of the statute.  Section 647(b) is rationally related to California's interest in deterring human trafficking and coercion, violence against prostitutes, the spread of AIDS and venereal disease, and crimes incidental to prostitution, as well as California's interest in deterring commodification of sex, and is facially constitutional.  Finally, plaintiffs' as-applied challenge fails because their allegations are not directed at a specific application of the statute.  *See, e.g., Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998).

25

26

27

28

2

**BACKGROUND**

## I.   PENAL CODE SECTION 647

Prostitution has been illegal in California since at least 1872, with the enactment of Penal Code section 647.[1]  As originally enacted, section 647 targeted status, providing that "vagrants," defined to include "[e]very lewd or dissolute person," [e]very person who lives in and about houses of ill-fame," and "[e]very common prostitute," were subject to punishment by a $500 fine, imprisonment in jail for a term not exceeding six months, or both.  RJN, Exh. A; Arthur H. Sherry, *Vagrants, Rogues and Vagabonds—Old Concepts in Need of Revision*,  48 Cal. L. Rev. 557, 562 & n.38 (1960) (attached to the Declaration of Sharon O'Grady ("O'Grady Decl.") as Exhibit 1).[2] In 1961, the statute was repealed and replaced with a version that focused on conduct, not status. *See* 1961 Cal. Stat. 1671, Penal Code § 647(b); Exh. B to RJN (version of Penal Code § 647 that was replaced by the 1961 statute).  The 1961 version of section 647, provided, in pertinent part:

> Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor:
>
> * * *
>
> (b) Who solicits or engages in any act of prostitution.

1961 Cal. Stat. 1671, Penal Code § 647(b).  The current version of subdivision (b) is more specific.  It states:

> (b) Who solicits or who agrees to engage in or who engages in any act of prostitution.  A person agrees to engage in an act of prostitution when, with specific intent to so engage, he or she manifests an acceptance of an offer or solicitation to so engage, regardless of whether the offer or solicitation was made by a person who also possessed the specific intent to engage in prostitution.  No agreement to engage in an act of prostitution shall constitute a violation of this subdivision unless some act, in addition to the agreement, is done within this state in furtherance of the commission of an act of prostitution by the person agreeing to engage in that act.  As used in this subdivision, "prostitution" includes any lewd act between persons for money or other consideration.

---

[1] California's Penal Code was codified in 1872.  *See* Attorney General's Request for Judicial Notice ("RJN"), Exh. A.

[2] For the convenience of the Court and the parties, copies of the secondary authority cited in this brief are attached as numbered exhibits to the O'Grady Decl.

3

Cal. Penal Code § 647.  Although the solicitation prong of the statute requires both an agreement to engage in an act of prostitution and an act in addition to the agreement, that further act may be a verbal one, so long as the statements are "unambiguous and unequivocal in conveying that the agreed act of prostitution will occur and move the parties toward completion of the act."  *Kim v. Superior Court*, 136 Cal. App. 4th 937, 945 (2006).

## II.   THE ALLEGATIONS OF THE COMPLAINT

Plaintiffs are Erotic Service Provider Legal, Education & Research Project, three former "erotic service providers" who wish to engage in sexual activity for hire in this district, and a potential client who wishes to engage an "erotic service provider" for such activity.  Complaint ¶¶ 6, 25-28.  Defendants are four district attorneys and the Attorney General of California. Plaintiffs seek declaratory and injunctive relief based on the following claims.

### A.   The First Claim for Relief – Substantive Due Process Right to Engage in Prostitution

The first claim for relief alleges that Penal Code section 647(b) "violates the right to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution" both facially and as applied to plaintiffs.  Complaint ¶ 35.  It further alleges that "the rights of adults to engage in consensual, private sexual activity (even for compensation) is a fundamental liberty interest," and that "any regulation regarding the commercial exchange of private sexual activity is subject to strict scrutiny."  Complaint ¶ 36.  Plaintiffs allege that no legitimate government interest could possibly justify California's prostitution laws, and that the law is neither narrowly tailored nor "the least restrictive means for advancing whatever governmental interest that Defendants may claim the law advances."  Complaint ¶¶ 37-38.  They allege that the law "significantly hinders, if not deprives, many individuals from their ability and right to engage in sexual intimacy."  *Id*. ¶ 39.

### B.   The Second Claim for Relief – Right to Free Speech

The second claim for relief alleges that, because "words alone may constitute an 'act in furtherance' of an agreement to engage in prostitution," section 647(b) makes "pure speech a criminal activity," and that "the statute utilizes speech to make an otherwise lawful act" – sexual

4

1  activity or an agreement to engage in sexual activity – "a crime based solely on the speaker's

2  message and the content of his or her speech."  Complaint ¶¶ 43-44.  Plaintiffs allege that the

3  "government can assert no compelling or substantial interest in justifying such a regulation on

4  speech," and that the law does not advance any compelling or substantial state interest.  *Id.* ¶ 45.

5
6
   **C.   The Third Claim for Relief – Substantive Due Process Right to Earn a Living**

7  The third claim for relief alleges that section 647(b) violates liberty interests protected by

8  the Fourteenth Amendment right to substantive due process.  Complaint ¶ 51.  Plaintiffs allege

9  that the statute "severely infringes on the ability to earn a living through one's chosen livelihood

10 or profession, it unconstitutionally burdens the right to follow any of the ordinary callings of life;

11 to live and work where one will; and for that purpose to enter into all contracts which may be

12 necessary and essential to carrying out these pursuits."  *Id.*

13    **D.   The Fourth Clam for Relief – Freedom of Association**

14 The fourth claim for relief alleges that by prohibiting prostitution, section 647(b) "severely

15 infringes on the rights to freedom of association" afforded by the First Amendment.  Complaint

16 ¶¶ 55-56.  Plaintiffs allege that the law prevents plaintiffs from entering into and maintaining

17 "certain intimate and private relationships."  *Id.* ¶ 56.

18
19
   **E.   The Fifth Claim for Relief – California Constitution, Article I, Sections 2(a) and 7(a)**

20 The fifth and final claim for relief alleges that section 647(b) violates article 1, section 7(a)

21 of the California Constitution by depriving plaintiffs of their right to "substantive and procedural

22 due process" because it "impinges on the fundamental rights to sexual privacy, to live and work

23 where one will, to pursue any livelihood or vocation, and to associate."  Complaint ¶ 60.

24 Plaintiffs further allege that the statute violates article I, section 2(a) by "impinging on the right to

25 free speech."  *Id.* ¶ 61.

26
27
28

**ARGUMENT**

## I.   LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). Dismissal is proper where there is no cognizable legal theory or there are insufficient facts alleged to support a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To defeat a Rule 12(b)(6) motion, plaintiffs must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; instead, plaintiffs must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555(2007).

In deciding a Rule 12(b)(6) motion, a court must assume the plaintiffs' allegations of fact are true and must draw all reasonable inferences in their favor. *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. While the court generally looks only to the face of the complaint and its exhibits, *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), the court may also consider documents that are proper subjects of judicial notice, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009). Leave to amend need not be granted if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

## II.   PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIMS FAIL.

In determining the constitutionality of a statute, absent circumstances triggering a higher level of scrutiny, the statute is subject to rational basis review. *Romero-Ochoa v. Holder*, 712 F.3d 1328, 1331 (9th Cir. 2013). "Such review does not provide 'a license for courts to judge the wisdom, fairness, or logic of legislative choices.'" *Id.* (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)). The issue is not whether the legislature has chosen the best means for achieving its purpose, but only whether there are plausible reasons for the legislature's action. *Id.*

6

In order to trigger a higher level of scrutiny, a challenger must show that the law implicates a fundamental right or targets a suspect class.  *Id.*  Petitioners' complaint does not include an equal protection claim or allege that prostitutes and their customers constitute a suspect class, but it does allege that engaging in prostitution is a fundamental right, based on the Supreme Court decision in *Lawrence v. Texas*, 539 U.S. 588 (2003).  Complaint ¶ 35.  As discussed below, prostitution or its solicitation is not a fundamental right, *Lawrence v. Texas* did not make it so, and California's law prohibiting prostitution and its solicitation has a rational basis.  Plaintiffs' substantive due process claims fail as a matter of law.

### A.   There Is No Fundamental Right to Engage in Prostitution or Its Solicitation.

There is no fundamental right to engage in prostitution, or to solicit it.  The Fourteenth Amendment Due Process Clause "unquestionably provides substantive protections for certain unenumerated fundamental rights."  *Raich v. Gonzales*, 500 F.3d 850, 861-62 & n.11 (9th Cir. 2007).  But engaging in commercial sex is not among those rights.

In *Washington v. Glucksberg*, 521 U.S. 702 (1997), the Supreme Court described the two part substantive due process analysis:  a description of the asserted fundamental right or interest, and a determination whether it is deeply rooted in the country's history and tradition.  *Id*. at 720-21 (citations omitted); *see Raich*, 500 F.3d at 862, 866.  Plaintiffs describe their asserted right as "the fundamental liberty interest in one's own private sexual conduct," citing *Lawrence v. Texas*, 539 U.S. 558.  Complaint ¶ 35.  But that defines the interest too broadly; the asserted interest in a due process analysis must be narrowly drawn.  As the Ninth Circuit has held:

> *Glucksberg* instructs courts to adopt a narrow definition of the interest at stake.  See 521 U.S. at 722, 117 S. Ct. 2258 ("[W]e have a tradition of carefully formulating the interest at stake in substantive-due-process cases."); *see also* [*Reno v.*] *Flores*, 507 U.S. [292,] 302 [(1993)] (noting that the asserted liberty interest must be construed narrowly to avoid unintended consequences).  Substantive due process requires a "careful description of the asserted fundamental liberty interest."  *Glucksberg*, 521 U.S. at 721, 117 2258 (quotation and citations omitted).

*Raich*, 500 F.3d at 863.  For example, in *Raich*, a case in which the Court rejected a substantive due process challenge to the Controlled Substances Act, plaintiff asserted a "fundamental right to 'mak[e] lifeshaping medical decisions that are necessary to preserve the integrity of her body,

7

avoid intolerable pain, and preserve her life.'" *Id.* at 864.  The Court concluded that "Raich's careful statement does not narrowly and accurately reflect the right that she seeks to vindicate. Conspicuously missing from Raich's asserted fundamental right is its centerpiece:  that she seeks the right to use *marijuana* to preserve bodily integrity, avoid pain, and preserve her life." *Id.* at 864 (emphasis in original, footnote omitted).  Here, the missing centerpiece is that plaintiffs seek to have this Court declare that engaging in *prostitution* is a fundamental right.  This case is not about whether the state can criminalize sex; it is about whether the state can criminalize the purchase and sale of sex.  *See Coyote Publ'g, Inc. v. Miller*, 598 F.3d 592, 596 (9th Cir. 2010) ("[P]rohibitions on prostitution reflect not a desire to discourage the underlying sexual activity itself but its *sale*.") (emphasis in original).

Once the liberty interest at stake is properly framed as the right to buy and sell sex, it is clear that substantive due process does not protect it.  No court has recognized prostitution or its solicitation as a fundamental right or liberty that is "objectively, 'deeply rooted in this Nation's history and tradition.'" *Glucksberg*, 521 U.S. 702, 720-21.  To the contrary, prostitution has been a crime in California since at least 1872.  *See* RJN, Exhs. A & B.  Nor is there is a trend toward legalizing prostitution.  It is illegal in every State, with the exception of 11 rural counties in the State of Nevada.[3]  In 2008, 59 percent of San Francisco voters rejected Proposition K, which would have prevented the police from enforcing anti-prostitution laws.  RJN, Exhs. C & D.  In 2004, more than 63 percent of Berkeley voters rejected a similar initiative.  RJN, Exhs. E & F.

Federal law also reflects a public policy against prostitution.  For example, it is a federal crime to transport any individual in interstate or foreign commerce "with intent that such individual engage in prostitution." 18 U.S.C. § 2421.  An alien who has engaged in prostitution

---

[3] Nevada prohibits prostitution in counties with populations of 700,000 or more; other counties may license brothels if they choose to do so.  Nev. Rev. Stat. § 244.345(8); *see Coyote Publ'g, Inc. v. Miller*, 598 F.3d at 596.  Prostitution is not legal in Clark County, where Las Vegas is located and approximately 72 percent of the population resides.  *Id.* at 601 n.11.  In 2009, Rhode Island closed a loophole, created in 1980, that allowed indoor prostitution.  *See id.* at 596 n.1.

1 | may be denied admission to the United States.  18 U.S.C. § 1182.  And prostitution is prohibited

2 | near military establishments.  18 U.S.C. § 1384.

3 |      *Washington v. Glucksberg*, 521 U.S. 702, and *Raich v. Gonzales*, 500 F.3d 850, are

4 | controlling, and require dismissal of this case.  In *Glucksberg*, the Supreme Court upheld the

5 | State of Washington's prohibition on causing or aiding a suicide against a substantive due process

6 | challenge.  521 U.S. at 706.  The Court began by examining the country's "history, legal

7 | traditions and practices," noting that in almost every state it is a crime to assist a suicide.  *Id*. at

8 | 710.[4]  The Court observed that Washington voters had rejected a ballot measure that would have

9 | permitted a form of assisted suicide, and that federal law prohibits the use of federal funds in

10 | support of assisted suicide.  *Id*. at 716-17.  While the Court assumed "that the Due Process Clause

11 | protects the traditional right to refuse unwanted lifesaving medical treatment," it held that "the

12 | asserted 'right' to assistance in committing suicide is not a fundamental liberty interest protected

13 | by the Due Process Clause," *id*. at 720, 728.[5]

14 |      Similarly, in *Raich* the Ninth Circuit held that the medical use of marijuana is not a

15 | fundamental right.  500 F.3d at 866.  The Court reached that conclusion notwithstanding that the

16 | use of marijuana for medical purposes had been permitted until 1970 when Congress passed the

17 | Controlled Substances Act, and eleven states, including California, had passed laws

18 | "decriminalizing in varying degrees the use, possession, manufacture and distribution of

19 | marijuana for the seriously ill."  500 F.3d at 864-65.

20 |      Here, the case for finding that there is a fundamental right to engage in prostitution is far

21 | less compelling than the asserted interests in *Glucksberg* and *Raich*, which the courts rejected.

22 | No final reported judicial decision  in the United States has held that the freedom to engage in

23 | commercial sex is a fundamental interest, and as set forth above, there exists no trend among the

24 | states towards its legalization.  *See supra* p. 8.  Moreover, in an analogous case, the Ninth Circuit

25 | 

26 |     [4] The Court indicated that forty-four states, the District of Columbia and two territories prohibit or condemn assisted suicide.  521 U.S. at 710 n.8.

27 |     [5] The Court proceeded to hold that the law was rationally related to legitimate government

28 | interests.  *Id*. at 728 & n.20.

1    has held that the relationship between paid escort and client is not a relationship protected by the

2    Fourteenth Amendment.  *IDK, Inc. v. County of Clark*, 1185, 1195-96 (9th Cir. 1988).

3            [T]he relationship between escort and client possesses few, if any, of the aspects of an
             intimate association.  It lasts for a short period and only as long as the client is willing
4            to pay the fee. . . .  While we may assume that the relationship between them is
             cordial and that they share conversation, companionship, and the other activities of
5            leisure, we do not believe that a day, an evening, or even a weekend is sufficient time
             to develop deep attachments or commitments.  *In fact, the relationship between a*
6            *client and his or her paid companion may well be the antithesis of the highly personal*
             *bonds protected by the fourteenth amendment.  These are not the ties that* "*have*
7            *played a critical role in the culture and traditions of the Nation by cultivating and*
             *transmitting shared ideals and beliefs.*"

8    *Id*. at 1193 (emphasis added) (quoting *Roberts v. United States Jaycees,* 468 U.S. 609, 618–19

9
10   (1987)).  There is no reason to conclude that the relationship between prostitute and client is more

11   deserving of protection than that of paid escort and client.

12        **B.     The Supreme Court Decision in *Lawrence v. Texas* Does Not Apply to
                   Plaintiffs' Allegations.**

13
14           Plaintiffs' reliance on *Lawrence v. Texas*, 539 U.S. 558, Complaint ¶¶ 35, 37, to support

15   their claim that prostitution and its solicitation is a fundamental right is misplaced.  In *Lawrence*,

16   the Supreme Court struck down a Texas law making it a crime for two persons of the same sex to

17   engage in sodomy.  539 U.S. at 565.  Employing the same analytic framework used in *Glucksberg*,

18   the Court noted that same-sex relationships were not singled out for criminal prosecution until the

19   1970's, that only nine States had done so, and that "States with same-sex prohibitions have

20   moved toward abolishing them."  539 U.S. at 570-571.  While the Court recognized that

21   relationships protected by the Due Process Clause were not limited to marital relationships, and

22   declined to set the exact boundaries of the term "relationship," it was focused on personal

23   relationships, not commercial ones.

24           It suffices for us to acknowledge that adults may choose to enter upon this
             relationship in the confines of their homes and their own private lives and still retain
25           their dignity as free persons.  *When sexuality finds overt expression in intimate*
             *conduct with another person, the conduct can be but one element in a personal bond*
26           *that is more enduring.*  The liberty protected by the Constitution allows homosexual
             persons the right to make this choice.

27
28
                                                      10

*Id.* at 567 (emphasis added).  The Supreme Court in *Lawrence* was clear that its ruling did not

cover certain activities, *including prostitution*.  The Court explained:

> The present case does not involve minors.  It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused.  *It does not involve public conduct or prostitution.*  It does not involve whether the government must give formal recognition to any relationship that homosexual persons seek to enter.  The case does involve two adults who, with full and mutual consent from each other, engaged in sexual practices common to a homosexual lifestyle. . . .

*Id.* at 578 (emphasis added).

Decisions following *Lawrence* have not extended its decision to prostitution or the other

types of sexual conduct the *Lawrence* Court disclaimed.  *See, e.g., People v. McEvoy*, 215 Cal.

App. 4th 431, 439-440 (2013) (holding that the criminalization of incest between two consenting

adults does not violate the due process rights explicated in *Lawrence*); *State v. Romano*, 155 P.3d

1102, 1109-1112 (Haw. 2007) (holding that Hawaii's prostitution statute did not violate

defendant's right to privacy under the Due Process Clause or the Hawaii Constitution); *832 Corp.

v. Glouster Twp.*, 404 F. Supp. 2d 614 (D.N.J. 2005) (holding that police raid on a club where

patrons engaged in consensual sex was not a violation of substantive due process); *People v.

Williams*, 811 N.E.2d 1197 (Ill. App. 2004) (holding that *Lawrence* did not apply to acts of

prostitution).

## C.   The Statute Is Rationally Related to Legitimate Government Interests.

California's ban on prostitution survives scrutiny under the rational basis test because it is

rationally related to legitimate government interests.  The federal government recognizes that

there is a link between prostitution and trafficking in women and children.  *Coyote Publ'g, Inc. v.

Miller*, 598 F.3d at 600.  *See* U.S. Dep't of State, *The Link Between Prostitution and Sex

Trafficking* (Nov. 24, 2004) (O'Grady Decl., Exh. 2); Bureau of Justice Statistics, U.S. Dep't of

Justice, *Characteristics of Suspected Human Trafficking Incidents, 2008-2010* 1, 3 (April 2011)

(reporting that 82% of suspected incidents of human trafficking were characterized as sex

trafficking, and more than 40% of sex trafficking involved sexual exploitation or prostitution of a

child)  (O'Grady Decl., Exh. 3).  Prostitution creates a climate conducive to violence against

women.  *See United States v. Carter*, 266 F.3d 1089, 1091 (9th Cir. 2001); Melissa Farley,

11

1  *Prostitution Trafficking, and Cultural Amnesia:  What We Must <u>Not Know</u> in Order to Keep the*

2  *Business of Sexual Exploitation Running Smoothly*,  18 YALE J.L. & FEMINISM 109, 111 & passim

3  (2006) (addressing pervasive violence in prostitution and concluding that "[r]egardless of

4  prostitution's status (legal, illegal, zoned or decriminalized) or its physical location (strip club,

5  massage parlor, street, escort/home/hotel), prostitution is extremely dangerous for women.")

6  (O'Grady Decl., Exh. 4); Sylvia A. Law, *Commercial Sex:  Beyond Decriminalization*, 73 S. Cal.

7  L.Rev. 523, 533 nn.47-48 (2000) (reporting that a "study of 130 prostitutes in San Francisco

8  found that 82% had been physically assaulted, 83% had been threatened with a weapon, [and]

9  68% had been raped while working as prostitutes," and that another study "demonstrate[ed] that

10  violence is pervasive in the lives of all categories of women who sell sex for money") (O'Grady

11  Decl., Exh. 5).  Prostitution is linked to the transmission of AIDS and sexually transmitted

12  diseases.  *See, e.g., Love v. Superior Court* 226 Cal. App. 3d 736 (1990) (upholding mandatory

13  AIDS testing and counseling for person convicted of soliciting where the Legislature "has

14  determined that those who engage in prostitution activities represent a high-risk group in terms of

15  their own health, in contracting AIDS, and in terms of the health of others, in spreading the

16  virus"); *Northern Mariana Islands v. Taman*, 2014 WL 4050021, at *3 (N. Mar. I. 2014)

17  (prostitutes pose a health risk for sexually transmitted diseases).  A legislature reasonably may

18  conclude that there is a substantial link between prostitution and illegal drug use.  *See Colacucio*

19  *v. City of Kent*, 163 F.3d 545, 554, 557 (9th Cir. 1998) (holding that requirement that nude

20  dancers maintain distance from nightclub patrons served state interest in controlling prostitution

21  and drug sales, and observing that several courts have upheld such requirements for the same dual

22  purpose); Amy M. Young, et al., *Prostitution, Drug Use, and Coping with Psychological*

23  *Distress,* J. Drug Issues 30(4), 789-800 (2000) (O'Grady Decl., Exh. 6).  California also has a

24  legitimate interest simply in deterring the commodification of sex.  *See Coyote Publ'g, Inc. v.*

25  *Miller*, 598 F.3d at 603 (observing that the Thirteenth Amendment "enshrines the principle that

26  people may not be brought and sold as commodities," and that restrictions on prostitution are

27  driven by "an objection to their inherent commodifying tendencies – to the buying and selling of

28  things and activities integral to a robust conception of personhood."); *People v. Grant*, 195 Cal.

12

1  App. 4th at 113-15 (holding that anti-pimping statute bore a rational relationship to the proper

2  legislative goal of suppressing prostitution).  Section 647(c) is rationally related to legitimate

3  government interests and therefore does not violate plaintiffs' substantive due process rights.[6]

4  **III.   THERE IS NO FREE SPEECH RIGHT TO SOLICIT THE CRIME OF PROSTITUTION.**

5        Plaintiffs' claim that the prohibition against solicitation violates their First Amendment

6  right to free expression fails as a matter of law because they do not allege, and fairly cannot

7  allege, that the First Amendment right to freedom of expression extends to agreements to engage

8  in illegal activity, including commercial sex.  *See Arcara v. Cloud Books, Inc.*, 478 U.S. 478 U.S.

9  697, 704-05, 707 (1986) (holding that the First Amendment did not preclude closing down an

10  adult bookstore on the basis that solicitation of prostitution was occurring on the premises, and

11  that the sexual activity at issue "manifests absolutely no element of protected expression"); *Tily

12  B., Inc. v. City of Newport Beach*, 69 Cal. App. 4th 1, 17 (1998) (holding that the state interest in

13  combatting prostitution is not inherently related to the right of free expression).  The verbal

14  communications that constitute solicitation under Penal Code section 647(b) are not

15  constitutionally protected speech.  *Kim v. Superior Court*, 136 Cal. App. 4th at 944.  *Accord U.S.

16  v. Dhingra*, 371 F.3d 557, 561-62 (9th Cir. 2004) (holding that statute imposing criminal liability

17  on persons who entice minors into unlawful sexual activity criminalizes conduct, not speech, and

18  that "speech is merely the vehicle" by which the crime is committed).

19  **IV.   THERE IS NO ASSOCIATIONAL RIGHT TO ENGAGE IN SEX FOR HIRE.**

20        The First Amendment protects expressive associations, but the relationship between

21  prostitute and client is not such an association.  The Ninth Circuit decision in *IDK, Inc. v. County

22  of Clark*, 836 F.2d 1185, is controlling.

23        In *IDK*, a group of companies providing escort services claimed that their activities were

24  protected under the First Amendment because escorts and clients "associate for social, economic,

25  and cultural ends."  836 F.3d at 1194.[7]  The Ninth Circuit disagreed.  The Court acknowledged

26  _____

   [6] Section 647(b) would pass constitutional muster even under a heightened scrutiny
27  standard.
     [7] In contrast, the defendant argued that "most if not all escort services are little more than
28  'modified brothels.'"  836 F.2d at 1187.

1    that "the first amendment fully protects expression about philosophical, social, artistic, economic,

2    literary, ethical and other topics," but concluded "it has never been deemed an abridgment of

3    freedom of speech or press to make a course of conduct illegal merely because the conduct was in

4    part initiated, evidenced, or carried out by means of language, either spoken, written, or printed."

5    *Id*. (quoting *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 477, 456 (1978)).  In determining the

6    extent of First Amendment protection, courts consider whether the association is primarily

7    expressive or primarily commercial; the Ninth Circuit concluded that escort services were

8    primarily commercial associations.  *Id*. at 1195.

9    
10   
11   
12   
13   

> [T]he escort services make no claim that expression is a significant or necessary component of their activities.  The services' advertisements included in the record do not tout their employees' skills in conversation, advocacy, teaching, or community service, and thus we assume that clients select their companions on the basis of other criteria. . . .  If a client does not care to engage in expressive activities while dating, we must assume that neither the escort services nor the escort compel the client to do so.  The escort services simply do not care what the couples talk about or whether they talk at all.  The escort services cannot claim that expression constitutes anything but an incidental aspect of their commercial activity.

14   *Id*. at 1195-96.  Similarly, prostitutes are not hired for their conversational skills, they are hired

15   for sex, and section 647(b) does not criminalize meeting with a prostitute, it criminalizes paying a

16   prostitute for sex.  Association for the purpose of sexual commerce is not protected by the First

17   Amendment.  *Arcara v. Cloud Books, Inc.*, 478 U.S. at 704-05, 707.  *See FW/PBS, Inc. v. City of*

18   *Dallas*, 493 U.S. 215, 224 (1990) (indicating escort agencies and sexual encounter centers are not

19   protected by the First Amendment); *Williams v. Superior Court*, 30 Cal. App. 3d 8, 11 (1973)

20   (holding that prostitution "does not involve First Amendment nor any other constitutionally

21   protected rights").

22   **V.     THERE IS NO SUBSTANTIVE DUE PROCESS RIGHT TO EARN A LIVING AS A PROSTITUTE.**

23   

24         The Fourteenth Amendment establishes the right of an individual "to contract, to engage in

25   any of the common occupations of life."  *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564,

26   572 (1972).  However, "[a] threshold requirement to a substantive or procedural due process

27   claim is the plaintiff's showing of a liberty or property interest protected by the Constitution."  *Id*.

28   at 569; *Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994).

14

1       Whether plaintiffs can state a claim for deprivation of a *property* interest because of an

2   unconstitutional burdening of their right to earn a living turns on whether they have a property

3   interest in working as prostitutes.[8]  Whether a property interest in employment exists is a matter

4   of state law.  *Bishop v. Wood*, 426 U.S. 341, 344 (1976); *Black v. Payne*, 591 F.2d 83, 88 (9th Cir.

5   1979).  California law does not recognize a property interest in working as a prostitute, and Penal

6   Code section 647(b) effectively negates any such interest.

7       Nor is there a protectable *liberty* interest in employment as a prostitute.  "[T]he liberty

8   component of the Fourteenth Amendment's Due Process Clause includes some generalized due

9   process right to choose one's field of private employment, but a right which is nonetheless subject

10  to reasonable government regulation."  *Conn v. Gabbert*, 526 U.S. 286, 291-92 (1992).[9]  A

11  protectable liberty interest in employment arises only "where not affirmatively restricted by

12  reasonable laws or regulations of general application."  *Blackburn v. City of Marshall*, 42 F.3d

13  925 (5th Cir. 1995).  A law placing restrictions on employment will be upheld so long as there is

14  a legitimate state interest in regulating the trade or profession.  *Williamson v. Lee Optical of*

15  *Okla.*, 348 U.S. 483 (1955).  As discussed in Section II.C. above, California has such an interest.

16  **VI.   PLAINTIFFS' STATE CLAIMS FAIL.**

17      Plaintiffs' state constitutional challenges likewise fail.  The Eleventh Amendment bars

18  these claims.  "[A] federal suit against state officials on the basis of state law contravenes the

19  Eleventh Amendment when . . . the relief sought and ordered has an impact directly on the State

20  itself."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984).  Here, the State is

21  the real, substantial party in interest to plaintiff's challenge to section 647(b).  *See id.* at 92, 101.

22  This court's pendent jurisdiction does not extend to plaintiffs' state law claims.  *Id.* at 118.

23      But even if the Court were to reach the merits of plaintiffs' state law claims, they fail as a

24  matter of law.  Every legislative enactment is presumptively constitutional, and the party

25

26       [8] To the extent plaintiff John Doe is pursuing this claim, it fails for the independent reason that he has not alleged that he wishes to be employed as a prostitute.  Complaint ¶ 28.

27       [9] The power to regulate, of course, includes the power to prohibit altogether.  *Gonzales v. Raich*, 545 U.S. 1, 14, 17, 22 (2005) (holding that Congress' regulatory power included the power to make it unlawful to manufacture, distribute or possess marijuana).

28

challenging it has the burden of proving it is not. *Brown v. Community Redev. Agency*, 168 Cal. App. 3d 1014, 1019 (1985). "[T]he courts should not and must not annul, as contrary to the [C]onstitution, a statute passed by the Legislature, unless it can be said of the statute that it positively and certainly is opposed to the [C]onstitution." *Sav-On Drugs, Inc. v. County of Orange*, 190 Cal. App. 3d 1611 (1987). No California court has held that Penal Code section 647(b) facially violates article I, sections 2(a) or 7(a), and several California courts, including the California Supreme Court, have rejected constitutional challenges to it. *See, e.g., People v. Caswell*, 46 Cal. 3d 381, 390, 250 515 (1988) (holding that statute prohibit loitering for the purpose of engaging in or soliciting a lewd or lascivious or unlawful act was not unconstitutionally vague); *People v. Superior Court (Hartway)*, 19 Cal. 3d 338 (1977) (holding statute prohibiting solicitation of prostitution satisfies constitutional due process and equal protection requirements under federal and state constitutions); *People v. Grant*, 195 Cal. App. 4th at 113-115 (holding that pimping statute prohibiting person from deriving support from the earnings of a known prostitute did not violate defendants' substantive due process rights); *People v. Pulliam*, 64 Cal. App. 4th 1430 (1998) (holding that statute proscribing loitering in public place with intent to commit act of prostitution did not violate due process, is not unconstitutionally overbroad and is not a form of expression protected by the First Amendment); *Williams v. Superior Court*, 30 Cal. App. 3d at 11 (holding that prostitution "does not involve First Amendment nor any other constitutionally protected rights").

## VII. PLAINTIFFS' AS-APPLIED CHALLENGES FAIL.

Plaintiffs have not alleged a cognizable as-applied challenge. An as-applied challenge to the constitutional validity of a statute "contends that the law is unconstitutional as applied to the litigant's particular [ ] activity, even though the law may be capable of valid application to others." *Foti v. City of Menlo Park*, 146 F.3d 629 (1998). *See Isaacson v. Horne*, 716 F.3d 1213, 1230 (9th Cir. 2013); *Hoye v. City of Oakland,* 653 F.3d 835, 857 (9th Cir. 2011).

An as-applied challenge necessarily fails when the fact situation alleged "is the core fact situation intended to be covered by [the statute], and it is the same type of fact situation that was envisioned by [the] court when the facial challenge was denied." *Hoye v. City of Oakland,* 653

16

1    F.3d at 857-58.  That is the case here.  There is no allegation that the law has been enforced

2    against plaintiffs in a constitutionally impermissible way.[10]  The complaint also does not allege

3    that the statute will be enforced against plaintiffs in a way that would render an otherwise valid

4    law unconstitutional as applied to their particular circumstances.  It simply alleges that, if

5    plaintiffs engage in solicitation or prostitution in the future, they may be subject to prosecution.

6    Complaint ¶ 29 ("Plaintiffs each fear that they may be prosecuted . . . under California's

7    prostitution or solicitation laws if they do engage in sexual activity for hire. . . .").  That is "the

8    core fact situation intended to be covered by" section 647(b).  But even if these allegations could

9    be construed as identifying specific future activity, and they cannot, the claims are speculative

10   and not ripe, and do not state a cognizable claim for relief.  *See Hoye v. City of Oakland,* 653 F.3d

11   at 857-58 (observing that the court generally declines to entertain as as-applied challenge that

12   would require it to speculate as to prospective facts); *Legal Aid Servs. v. Legal Servs. Corp.*, 608

13   F.3d 1084, 1096-97 (9th Cir. 2011) (holding that enforcement actions against others is not

14   tantamount to an enforcement action against plaintiffs and does not support an as-applied

15   challenge); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (holding that complaint must

16   allege facts sufficient to "raise a right to relief above the speculative level").

17                                          **CONCLUSION**

18          The Court should dismiss this action without leave to amend.

19   Dated:  May 8, 2015                          Respectfully Submitted,

20                                                KAMALA D. HARRIS
                                                  Attorney General of California
21                                                TAMAR PACHTER
                                                  Supervising Deputy Attorney General
22
                                                  /s/ Sharon L. O'Grady
23
                                                  SHARON L. O'GRADY
24                                                Deputy Attorney General
                                                  *Attorneys for Defendants*
25

26   _____

27          [10] The only allegation that there has been any enforcement of Penal Code section 647(b)
     against any plaintiff is that plaintiff C.V. was arrested on prostitution charges in 2007, but the
28   charges were dismissed.  Complaint ¶ 26.

                                               17