**COMMITTEE ON CODES OF CONDUCT
OF THE
JUDICIAL CONFERENCE OF THE UNITED STATES**
_____

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
100 EAST VINE STREET, ROOM 400
LEXINGTON, KENTUCKY 40507-1442**

JUDGE JOHN M. ROGERS
    CHAIR

JUDGE JANICE ROGERS BROWN
JUDGE RALPH R. ERICKSON
JUDGE ARTHUR B. FEDERMAN
JUDGE ANDREW J. GUILFORD
JUDGE WILLIAM G. HUSSMANN
JUDGE PAUL J. KELLY, JR.
JUDGE VIRGINIA M. KENDALL
JUDGE THOMAS J. McAVOY
JUDGE SHARON PROST
JUDGE JEROME B. SIMANDLE
JUDGE GEORGE Z. SINGAL
JUDGE REBECCA BEACH SMITH
JUDGE MARC T. TREADWELL
JUDGE JAY C. ZAINEY

Tel (859) 233-2680
Fax (859) 233-2679
CA06-ROGERS_CHAMBERS@CA6.USCOURTS.GOV

ROBERT P. DEYLING
COUNSEL
Tel (202) 502-1100
Fax (202) 502-1033
ROBERT_DEYLING@AO.USCOURTS.GOV

November 25, 2013

The Honorable Jeffrey Steven White
United States District Court
Phillip Burton United States Courthouse
450 Golden Gate Avenue, Room 19-5398
San Francisco, CA 94102-3434

    Re:    Docket No. 2363

Dear Judge White:

    Thank you for your inquiry. The Committee on Codes of Conduct is pleased to respond. This response is advisory only, and based solely on the judgment of the Committee members. Many of the proscriptions of the Code of Conduct for United States Judges are cast in general terms, and the Code is "to be construed so it does not impinge on the essential independence of judges in making judicial decisions." Commentary to Canon 1.

    You indicate that have been presiding over a civil action in which the plaintiffs' counsel has recently asked you to recuse yourself. The action arises from the death of an individual and was brought against the City and County of San Francisco as well as individual police officers. It was commenced on August 2, 2006 with an amended complaint

filed on February 20, 2007. The City and County of San Francisco and the other named defendants are represented by the San Francisco City Attorney's Office.

On August 5, 2008, you denied the plaintiffs' motion for summary judgment and denied in part and granted in part the defendants' cross-motions for summary judgment. Following this decision, there remain several federal and state law claims against, and defenses asserted by, the individual defendants who are members or former members of the San Francisco Police Department. The City of San Francisco also remains an interested party under a theory of respondeat superior liability on the plaintiffs' state law claims. Your decision to deny the officers qualified immunity due to factual disputes was affirmed by the United States Court of Appeals for the Ninth Circuit; the United States Supreme Court denied the defendants' petition for a writ of certiorari; and, on May 21, 2012, you denied the defendants' motion for leave to seek reconsideration of the denial of qualified immunity.

On April 1, 2013, you held a pretrial conference in this matter during which you ruled on most of the motions in limine filed by both parties and set a further pretrial conference. On September 23, 2013, you issued an order which denied the plaintiffs' motion for leave to seek reconsideration on two of their motions in limine, and issued a ruling with respect to a motion in limine upon which you had reserved ruling. In light of the criminal trials on your docket, you continued the further pretrial conference and trial to February 10, 2014 and March 10, 2014, respectively.

On November 7, 2013, the plaintiffs' counsel filed a letter asking you to consider recusal pursuant to Cannons 2A and 3C(1) of the Code of Conduct for United States Judges. The basis for the request is that the plaintiffs' counsel learned on October 30, 2013 that your son is employed as a Deputy City Attorney with the San Francisco City Attorney's Office. Counsel asserts that questions of impartiality arise because: 1) your son has represented the City and County of San Francisco in law enforcement misconduct and 42 U.S.C. § 1983 actions in the Northern District of California, including in cases against the plaintiffs' counsel; 2) your son has been co-counsel in a number of these cases with the same attorneys who are representing the City and County of San Francisco in the action pending before you; and 3) you have made rulings in this case adverse to the plaintiffs.

You indicate that your son began working as a Deputy City Attorney at the San Francisco City Attorney's Office in October 2008. Before he began, you conferred informally with Judge McKeown, the former Chairperson of the Committee on Codes of Conduct, about any potential conflict on account of your son's employment or duties as a Deputy City Attorney. Judge McKeown opined that your son's employment by the San Francisco City Attorney's Office would not preclude you from adjudicating cases involving that office so long as your son did not work on and was not privy to any information from any cases before you.

It is your understanding that your son has not worked on or been privy to any information from any cases before you and you have not adjudicated any cases on which your son has worked. You also indicate that you have not discussed any cases with your son since he has been working at the San Francisco City Attorney's Office, whether cases before you or cases to which he has been assigned. To the best of your knowledge, your son does not hold a supervisory position in the San Francisco City Attorney's Office, and you recently learned through a colleague that your son is no longer in the section of the San Francisco Attorney's Office that handles cases involving the San Francisco Police Department and its officers.

You seek a formal opinion from the Committee as to whether you have violated Cannons 2A or 3C(1), or whether recusal would be warranted pursuant to 28 U.S.C § 455.

As you acknowledge, in addition to the Code of Conduct for United States Judges, recusal decisions are governed by the recusal statutes, 28 U.S.C. §§ 455 and 144, and the case law interpreting them. Although the Committee is not authorized to render advisory opinions interpreting §§ 455 and 144, Canon 3C of the Code closely tracks the language of § 455, and the Committee is authorized to provide advice regarding the application of the Code.

Canon 3C(1)(d)(ii) and (iii) provide that "[a] judge shall disqualify himself . . . in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which . . . a person related to [the judge]. . . within the third degree of relationship . . . is . . . (ii) acting as a lawyer in the proceeding, [or] (iii) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding[.]"

In Advisory Opinion No. 38, the Committee examined situations where a judge's relative who is a government attorney would be deemed to have acted as a lawyer in a proceeding mandating recusal. These include cases in which the relative has acted as an attorney in or relating to a proceeding, and cases in which the relative has done any work or given any advice related to the case, whether that advice was given or work done before or after the action was filed. Ad. Op. No. 38. Because it is your understanding that your son has not worked on or been privy to any information from any cases before you, recusal on this basis is not required.

We have also advised that recusal is necessary:

> if the relative has supervisory responsibility over the attorney handling a case before the judge, even if the relative is not personally involved and has no knowledge of the case. Such a circumstance falls within Canon 3C(1)'s "catch-all" provision requiring disqualification in a proceeding "in which the

> judge's impartiality might reasonably be questioned." Disqualification under this catch-all provision is subject to remittal under Canon 3D.

Ad. Op. No. 38; *see also* Comp. § 3.2-4 (c) ("Where judge's . . . third-degree relative . . . is working as an attorney in a government agency, but is not personally involved and has no knowledge of the case before the judge, but does have supervisory responsibility over the attorney handling the case before the judge, then only Canon 3C(1) requires recusal and Canon 3D remittal is available.").

Because it is your understanding that your son does not hold a supervisory position with the San Francisco City Attorney's Office, recusal on this basis does not appear to be required. *See* Comp. § 3.2-4 (a)("Judges whose relatives are attorneys in government employment must recuse in all cases handled by such relative, or for which the relative bore some responsibility; but recusal is not necessary in other cases involving the federal agency.")(citing Ad. Op. No. 38).

As to the question of whether recusal is required because attorneys from the San Francisco City Attorney's Office represent parties before you, the commentary under subsection 3C(1)(d)(ii) provides:

> The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not of itself disqualify the judge. However, if "the judge's impartiality might reasonably be questioned" under Canon 3C(1), or the relative is known by the judge to have an interest in the law firm that could be "substantially affected by the outcome of the proceeding" under Canon 3C(1)(d)(iii), the judge's disqualification is required.

It is presumed that as a Deputy City Attorney at the San Francisco City Attorney's Office, your son earns a fixed salary unaffected by the outcome of that office's cases. Thus, it would appear that your son "does not have an 'interest' in the [San Francisco City Attorney's Office] in the same sense that a partner, member or shareholder may have an interest in a private law firm" requiring recusal. Ad. Op. No. 38 (addressing the interest of a judge's relative serving as an Assistant United States Attorney); *see also* Ad. Op. 58.[1]

Moreover, assuming your son is neither a supervisor nor has had a role in any case before you, it would not appear that the outcome of any case before you would have a

---

[1] In Advisory Opinion No. 58, we advised "that if [a] relative . . . is an equity partner in a law firm that represents a party, the judge must recuse . . . an equity partner in a law firm generally has an interest that could be substantially affected by the outcome of the proceeding in all cases where the law firm represents a party before the court," but a non-equity partner or an associate does not have the same interest. A non-equity partner is defined as "one who receives a fixed salary, is not entitled to share in the firm's profits, and has no interest in the firm's client list or goodwill." *Id.* (quoting Canon 3C(1)(d)(iii)).

bearing on his potential for career advancement and a concomitant increase in salary. Therefore, recusal is not required under Canon 3C(1)(d)(iii). *See, e.g.* Ad. Op. No. 58 ("If the relative is an associate or non-equity partner and has not participated in the preparation or presentation of the case before the judge, and the relative's compensation is in no manner dependent upon the result of the case, recusal is not mandated.").

Nonetheless,

> [a] judge . . . always must be mindful of Canon 2A, which directs that a judge should act at all times in a manner that "promotes public confidence in the integrity and impartiality of the judiciary," as well as the general command of Canon 3C(1) that a judge should recuse in a proceeding in which the "judge's impartiality might reasonably be questioned." Accordingly, although recusal may not be prescribed for participation by a relative who is an associate or non-equity partner, other circumstances may arise that in combination with the relative's status at the firm could raise a question about the judge's impartiality and thereby warrant recusal.

*Id.*

Here, the circumstances surrounding the subject case do not lead the Committee to conclude that your impartiality might reasonably be questioned. The fact that you rendered decisions that the plaintiffs consider "adverse" does not, by itself, present a situation from which your impartiality might reasonably be questioned. Absent any indication that your son participated in the subject case, discussed the case or his work at the San Francisco City Attorney's Office with you, held a supervisory position, or would benefit from your rulings, the Committee finds no basis upon which your impartiality might reasonably be questioned. As discussed, recusal is not required without an indication that your son had personal involvement with the subject case, supervisory responsibility for the attorneys trying the case, or a similar connection with any other matter brought before you in which the San Francisco City Attorney's Office represented a party. *See e.g.* Comp. § 3.2-4 (b) ("Per Canon 3C(1)(d)(ii), a judge must recuse in any matter arising in the judge's court wherein a federal agency is a party and where . . . a person within the third degree of relationship to the judge . . . is acting as counsel for the agency or has any knowledge of the case or is involved in any way with the case. A judge is not otherwise obligated to recuse from all cases in which the agency is a party.")(citing Adv. Op. No. 38).

The facts that your son has had cases against the plaintiffs' attorneys, with current defense counsel, and involving the same subject matter as the subject case do not create situations from which your impartiality might reasonably be questioned. These other cases were not before you and you have indicated that you have not discussed with your son his work at the San Francisco City Attorney's Office. Without an indication that your son held a supervisory position, we perceive of no reason why your son's unrelated legal activities

could reasonably be viewed as impacting your impartiality in the subject case or other cases involving the San Francisco City Attorney's Office.

By way of closing, we return to Advisory Opinion Nos. 38 and 58, and Canon 2A, which cautions judges to act in a manner that "promotes public confidence in the integrity and impartiality of the judiciary." It is recommended that you disclose on the record in the subject case and all others involving the San Francisco City Attorney's Office that your son is employed as a Deputy City Attorney by the agency but is in no way involved in the matters before you. Comp. § 3.2-4 (b).

Further, the Committee has observed that regardless of a relative's employment status, circumstances could arise in which a judge might have to disqualify himself because Canon 3C(1) directs recusal in any proceeding in which a judge's impartiality might reasonably be questioned. If circumstances surrounding your son's position change in the future such that, for example, he takes on supervisory functions at San Francisco City Attorney's Office, we advise you to reassess your participation in cases handled by that office in light of Canons 2A and 3C. *See* Comp. § 3.2-4 (c)("But if the agency creates a wall so the relative does not supervise an attorney's work on a specific case, and the judge's impartiality cannot otherwise be questioned, recusal is not required."); *see also id.* at (a-1)("A judge should recuse where . . . third degree relative is attorney in government employment and has supervisory authority over attorney appearing before the judge. However, if government office implements a procedure that relieves the relative of supervisory responsibility, then recusal is not required.").

The Committee treats all inquiries and responses as confidential and will disclose information about them only in the narrow circumstances described in the Committee's confidentiality policy. *See* Guide to Judiciary Policy, Vol. 2B, Ch.1, § 130. As the recipient of this letter, you may use it as you please.

We hope this response has been helpful. If you have any further questions, please call or write.

                                        For the Committee,

                                        *John M. Rogers*

                                        John M. Rogers
                                        Chair