KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
SHARON L. O'GRADY
Deputy Attorney General
State Bar No. 102356
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5899
Fax: (415) 703-1234
E-mail: Sharon.OGrady@doj.ca.gov
*Attorneys for Defendant Attorney General Kamala D. Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**EROTIC SERVICE PROVIDER LEGAL, EDUCATION & RESEARCH PROJECT; K.L.E.S.; C.V.; J.B.; AND JOHN DOE,**

Plaintiffs,

**v.**

**GEORGE GASCON, in his official capacity as District Attorney of the City and County of San Francisco; EDWARD S. BERBERIAN, JR., in his official capacity as District Attorney of the County of Marin; NANCY E. O'MALLEY, in her official capacity as District Attorney of the County of Alameda; JILL RAVITCH, in her official capacity as District Attorney of the County of Sonoma; and KAMALA D. HARRIS, in her official capacity as Attorney General of the State of California,**

Defendants.

4:15-CV-01007-JSW

**ATTORNEY GENERAL'S REPLY TO PLAINTIFFS' SUPPLEMENTAL BRIEF ON DEFENDANTS' MOTION TO DISMISS**

Dept: 5, 2d Floor
Judge: Hon. Jeffrey S. White
Trial Date: Not set
Action Filed: March 4, 2015

# TABLE OF CONTENTS

**Page**

Introduction ........ 1

Argument ........ 1

I. Nothing in *Obergefell* suggests that prostitution is an intimate association protected by the Due Process Clause. ........ 1

II. *Obergefell* is consistent with the *Glucksberg* analysis as modulated by the "emerging awareness" approach in Lawrence. ........ 3

Conclusion ........ 5

# TABLE OF AUTHORITIES

Page

**CASES**

*Bates v. Bigger*
192 F.Supp.2d 160 (S.D.N.Y. 2002)....................3

*Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*
481 U.S. 537 (1986)....................2

*Beverly Hills Suites LLC v. Town of Windsor Locks*
--- F. Supp. 3d. ---, No. 3:12-cv-00871, 2015 WL 5822590 (D. Conn, Sept. 30, 2015) ....................2

*Club Level, Inc. v. City of Wenatchee*
618 Fed. App'x. 316 (9th Cir. July 15, 2015)....................2

*Commonwealth v. McGee*
35 N.E.3d 329 (Mass. Aug. 13, 2015) ....................3

*FW/PBS, Inc. v. City of Dallas*
493 U.S. 215 (1990)....................2

*Gross v. City of Albany*
No. 1:14-cv-0736, 2015 WL 5708445 (N.D.N.Y. Sept. 29, 2015)....................2

*Hartman v. Walker*
No. 1:13-CV-355, 2015 WL 5470261 (E.D. Tex. Sept. 16, 2015)....................3

*IDK, Inc. v. Clark County*
836 F.2d 1185 (9th Cir. 1988)....................2, 3

*Latta v. Otter*
771 F.3d 456 (9th Cir. 2014)....................2

*Lawrence v. Texas*
539 U.S. 588 (2003)....................4

*Obergefell v. Hodges*
135 S. Ct. 2584 (2015) .................... *passim*

*Roberts v. United States Jaycees*
468 U.S. 609 (1984)....................2

*Sanitation & Recycling Indus., Inc. v. City of New York*
107 F.3d 985 (2d Cir. 1997)....................2, 3

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Stormans, Inc. v. Wiesman*
794 F.3d 1064 (9th Cir. 2015)....................5

*Washington v. Glucksberg*
521 U.S. 702 (1997)....................3, 5

**CONSTITUTIONAL PROVISIONS**

United States Constitution
Fourteenth Amendment....................1

**OTHER AUTHORITIES**

Kenji Yoshino, *A New Birth of Freedom? Obergefell v. Hodges*, 129 Harv. L. Rev. 147, 148, 163-164 (Nov. 2015)....................4

Lawrence Tribe, *Equal Dignity, Speaking Its Name*, 129 Harv. L. Rev. F. 16, 19-20 (Nov. 2015)....................4

Letter from the Coalition Against Trafficking in Women (Magdy Abdel-Hamid, et al,) to Amnesty International and Amnesty International USA (July 17, 2015), *available at* http://catwinternational.org/Content/Images/Article/621/attachment.pdf....................5

SPACE International (Survivors of Prostitution-Abuse Calling for Enlightenment), *Statement Opposing Amnesty International's Resolution to Decriminalise Pimps and Johns*, *available at* http://spaceinternational.ie/wp-content/uploads/2014/01/Statement-opposing-Amnesty-Internationals-resolution-to-decriminalise-Pimps-and-Johns.pdf....................5

## INTRODUCTION

Plaintiffs confuse intimate associations, which are constitutionally protected, with commerce in sex, which is not. Thus, their reliance on the Supreme Court's decision in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), is misplaced. There the Court found marriage to be the most important of intimate associations; it did not discuss sexual relations, let alone the business of prostitution. No authority supports plaintiffs' argument that prostitution is an intimate association protected by the Due Process Clause of the Fourteenth Amendment. Plaintiffs' argument that *Obergefell* rejected longstanding precedent governing substantive due process analysis is similarly flawed. Instead, in the context of the fundamental right to marry, the Court recognized a synergy implicating both equal protection and substantive due process analysis. 135 S. Ct. at 2602-03. That synergy is irrelevant here, where equal protection is not implicated.

## ARGUMENT

### I. NOTHING IN *OBERGEFELL* SUGGESTS THAT PROSTITUTION IS AN INTIMATE ASSOCIATION PROTECTED BY THE DUE PROCESS CLAUSE.

*Obergefell* addressed the right to marry, which it found to be uniquely important, not prostitution. *See, e.g.*, 135 S. Ct. at 2593-2594 ("From their beginning to their most recent page, the annals of history reveal the transcendent importance of marriage."); *id*. at 2594 ("The centrality of marriage to the human condition makes it unsurprising that the institution has existed for millennia and across civilizations."); *id*. at 2599 ("[C]ivil marriage is an esteemed institution, and the decision whether and whom to marry is among life's momentous acts of self-definition."). Marriage has long been recognized as intimate association that is constitutionally protected. *See id*. at 2598 ("Over time and in other contexts, the Court has reiterated that the right to marry is fundamental under the Due Process Clause."). Marriage falls squarely within the boundaries of a constitutionally-protected intimate relationship, i.e., "those relationships . . . that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences and beliefs but also distinctly personal aspects of one's life.'" *Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1986) (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 619-620 (1984).)

Notably, *Obergefell* omitted any discussion of sexual relations, focusing instead on the personal nature of the relationship. This approach is consistent with the Ninth Circuit's decision in *Latta v. Otter*, 771 F.3d 456, 472 (9th Cir. 2014), which, in holding that laws prohibiting same-sex marriage violated the Equal Protection Clause, also did not focus on sexual relations, but rather on the overarching relationship of which sexual relations may be a part. *See* Att'y General's Reply in Further Supp. of Mot. to Dismiss 1, ECF No. 29. Nothing in *Obergefell* suggests that sexual relations, without more, is an intimate association entitled to constitutional protection.

Nor is there any evidence that courts are broadly extending *Obergefell* to accord all types of sexual relations status as a fundamental right. The Ninth Circuit has since recognized that "[t]he right of intimate association protects only 'highly personal relationships.'" *Club Level, Inc. v. City of Wenatchee*, 618 Fed. App'x. 316, 318 (9th Cir. July 15, 2015) (quoting *IDK, Inc. v. Clark County*, 836 F.2d 1185, 1193 (9th Cir. 1988)).

This is true outside the Ninth Circuit, as well. For example, in *Beverly Hills Suites LLC v. Town of Windsor Locks*, --- F. Supp. 3d. ---, No. 3:12-cv-00871, 2015 WL 5822590, at *12 (D. Conn, Sept. 30, 2015), *appeal docketed*, No. 15-3492 (2d Cir. Nov. 2, 2015), the district court held that "swingers" who engage in casual sex in a hotel do not have a constitutionally protected right of association. In so doing, the court relied on *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 237 (1990), which held that "[a]ny 'personal bonds' that are formed from the use of a motel room for fewer than 10 hours" are not protected intimate associations under the Due Process Clause. The *Beverly Hills* court observed that "[t]he Constitution does not recognize a generalized right of social association. The right generally will not apply, for example, to business relationships, chance encounters in dance halls, or *paid rendezvous with escorts*." 2015 WL 5822590, at *12 (emphasis added) (quoting *Sanitation & Recycling Indus., Inc. v. City of New York*, 107 F.3d 985, 996 (2d Cir. 1997)). Similarly, a court has dismissed intimate association claims based on friendship. *Gross v. City of Albany*, No. 1:14-cv-0736, 2015 WL 5708445, at *10 (N.D.N.Y. Sept. 29, 2015), *appeal docketed*, No. 15-3420 (2d Cir. Oct. 27, 2015) (citing with approval, *inter alia*, *Bates v. Bigger*, 192 F. Supp. 2d 160, 170 (S.D.N.Y. 2002), aff'd, 56 F. App'x 527 (2d Cir.

2002), a decision that rejected an intimate association claim based on an adulterous sexual relationship).

Finally, even if sexual relations generally were a constitutionally protected fundamental right (and it is not), the law plaintiffs challenge does not prohibit sexual relations, but the business of prostitution. See Reply 5, ECF No. 29.[1] As a general rule, a business relationship is not an intimate relationship entitled to constitutional protection. *Sanitation & Recycling Indus., Inc. v. City of New York*, 107 F.3d at 996 ("The right [of intimate association] generally will not apply, for example, to business relationships"); *Hartman v. Walker*, No. 1:13-CV-355, 2015 WL 5470261, at *18 (E.D. Tex. Sept. 16, 2015) (relationship between an employee and his employer is not a constitutionally-protected intimate relationship; *Commonwealth v. McGee*, 35 N.E.3d at 341 (commercial sexual activity is not constitutionally protected); *IDK, Inc. v. Clark County*, 836 F.2d at 1193 (paid escort and client do not enjoy a constitutionally protected intimate relationship). Nothing in *Obergefell* or subsequent case law suggests any departure from these established principles.

## II. *OBERGEFELL* IS CONSISTENT WITH THE *GLUCKSBERG* ANALYSIS AS MODULATED BY THE "EMERGING AWARENESS" APPROACH IN LAWRENCE.

Contrary to plaintiffs' argument, Pls.' Supp. Br. 4-5, ECF No. 42, *Obergefell* did not jettison the longstanding substantive due process analysis described in *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997). Rather, in the context of a case that alleged both equal protection and due process challenges, the Court rejected an invitation to define the right based on the classification of persons who seek to exercise the right (*i.e.*, the "right to same-sex marriage"), rather than "the right to marry in its comprehensive sense." 135 S. Ct. at 2602. With that distinction in mind, Justice Kennedy's majority opinion intertwined the issues of equal protection and substantive due process:

[1] In *Commonwealth v. McGee*, for example, 35 N.E.3d 329 (Mass. Aug. 13, 2015), the Massachusetts Supreme Court held that a sex trafficking statute was not unconstitutionally overbroad, noting that the statute did not prohibit "all interactions and associations between a prostitute and family members, friends, or social service organizations," but instead prohibited "specified activities that will enable or cause another person to engage in *commercial sexual activity*," conduct that "is afforded no constitutional protection." *Id*. at 341 (emphasis added).

> Here the marriage laws enforced by the respondents are in essence unequal: same-sex couples are denied all the benefits afforded to opposite-sex couples and are barred from exercising a fundamental right. Especially against a long history of disapproval of their relationships, this denial to same-sex couples of the right to marry works a grave and continuing harm. The imposition of this disability on gays and lesbians serves to disrespect and subordinate them. And the Equal Protection Clause, like the Due Process Clause, prohibits this unjustified infringement of the fundamental right to marry. *See, e.g., Zablocki* [*v. Redhail*, 434 U.S. 374, 383-388( 1978)]; *Skinner* [v. *Oklahoma ex rel. Williamson*, 316 U.S. 535, 541, (1942)].

135 S. Ct. at 2604. That antisubordination principle is the core of Judge Kennedy's opinion – that rights should not be defined by who exercised them in the past, and that laws that injure excluded groups violate "the double helix of Equal Protection and Due Process." Lawrence Tribe, *Equal Dignity, Speaking Its Name*, 129 Harv. L. Rev. F. 16, 19-20 (Nov. 2015).[2] *Accord* Kenji Yoshino, *A New Birth of Freedom? Obergefell v. Hodges*, 129 Harv. L. Rev. 147, 148, 172 (Nov. 2015). That principle has no application to Plaintiff's claims, which have no equal protection component and could not, because the laws criminalizing prostitution apply to all, regardless of race, sex, or sexual orientation.

*Obergefell* also did not ignore the second prong of *Glucksberg*, whether the asserted right is deeply rooted in the country's history and tradition, but, as in *Lawrence v. Texas*, 539 U.S. 558 (2003), applied a less rigid approach. Consistent with *Lawrence*'s "emerging awareness" model, which considers the extent to which there exists a trend among the states toward recognizing the asserted fundamental right at issue, *id*. at 571-573, the majority concluded that "[h]istory and tradition guide and discipline this inquiry [to identify fundamental rights] but do not set its outer boundaries." *Obergefell*, 135 S. Ct. at 2598. Justice Kennedy proceeded to trace, not only the history of marriage and its substantial evolution, *id*. at 2593-2596, but also the evolution of same-sex marriage through court decisions and legislation, including two appendices cataloging judicial decisions and legislation legalizing same-sex marriage, *id*. at 2596-2597, 2608-2611.

*Obergefell* did not conclude that the history and the status of legislation are irrelevant to the analysis of a constitutional right, as plaintiffs suggest. Supp. Br. 7, ECF No. 42. It duly noted the significant trend toward recognition of the right of same-sex couples to marry, and found no

[2] For the convenience of the Court, this and other secondary authority cited herein are attached as exhibits to the Declaration of Sharon L. O'Grady, filed herewith.

reason to defer its decision "to await *further* legislation, litigation and debate." 135 S. Ct. at 2605 (emphasis added). Unlike prostitution, which is illegal in every state, there was a significant trend toward recognition of the right of same-sex couples to marry. *Id*.

Accordingly, the *Glucksberg* analysis remains good law. The Ninth Circuit has continued to follow *Glucksberg*. In a July 23, 2015 decision, the Ninth Circuit rejected a substantive due process challenge to rules requiring pharmacists to dispense lawfully prescribed drugs, including emergency contraceptive drugs, invoking *Glucksberg*. *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085-1087 (9th Cir. 2015), *petition for cert. filed*, No. 15-862 (Jan. 6, 2016). Under that analysis, plaintiffs' claims fail. There is no trend toward legalization of prostitution in the United States; the states are not divided on the issue;[3] and the "injury" of being unable to hire a prostitute or work as one, Complaint ¶¶ 25-28, is an injury to commerce that cannot fairly be equated with the personal injury of being unable to marry one's chosen mate.

**CONCLUSION**

The Court should grant the motion to dismiss.

[3] The fact that Amnesty International voted to develop a policy of decriminalizing prostitution is not evidence of a trend. Indeed its action has been sharply criticized by a broad coalition of human rights advocates, women's rights organizations and others. *See, e.g.*, letter from the Coalition Against Trafficking in Women (Magdy Abdel-Hamid, et al,) to Amnesty International and Amnesty International USA (July 17, 2015), *available at* http://catwinternational.org/Content/Images/Article/621/attachment.pdf; SPACE International (Survivors of Prostitution-Abuse Calling for Enlightenment), *Statement Opposing Amnesty International's Resolution to Decriminalise Pimps and Johns*, *available at* http://spaceinternational.ie/wp-content/uploads/2014/01/Statement-opposing-Amnesty-Internationals-resolution-to-decriminalise-Pimps-and-Johns.pdf.

Dated: January 29, 2016

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

*/S/ SHARON L. O'GRADY*

SHARON L. O'GRADY
Deputy Attorney General
*Attorneys for Defendant Attorney General Kamala D. Harris*

SA2015102025